

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00009-CV

**WALKER COUNTY ESD NO. 3;**
**THE BOARD OF ESD NO. 3; AND**
**THE OFFICERS & COMMISSIONERS OF ESD NO. 3,**
**IN THEIR OFFICIAL CAPACITIES,**

                                    **Appellants**

 **v.**

**CITY OF HUNTSVILLE, TEXAS,**

                                    **Appellee**

---

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 2130313**

---

## DISSENTING OPINION

---

A claim made against an individual in their official capacity for an *ultra vires* act is very different than a claim against a governmental entity. When a claim is made against a governmental entity, as such, the nature of the claim as pled will determine if immunity has been waived by the legislature. Thus, the pled claim must be examined to determine if immunity has been waived. If immunity has not been waived, the trial court does not

have jurisdiction of the claim. But when a claim is against a person for an *ultra vires* act in their official capacity, the trial court will have jurisdiction to evaluate the merits of the claim. The claim pled may be a frivolous claim, and it may even be a claim that should be dismissed. But the dismissal is not because the trial court lacks jurisdiction based on the absence of a legislative waiver. The individual is not immune from suit.

### *Ultra Vires Claims and Jurisdiction*

What the Court does here is a bit odd. In the guise of a plea to the jurisdiction, the Court determines that the claim made by the City of Huntsville lacks any basis in law. But the Court asserts it is not making a merits-based ruling. The Court holds that based on an analysis of the pleadings, because the claim lacks merit, the trial court has no jurisdiction. Ultimately, this odd procedural vehicle is not about the jurisdiction of the trial court; rather, it is about the viability of the claim. Normally, a claim that lacks merit is summarily disposed of by any number of other procedural tools such as a Rule 91a motion, a no-evidence motion for summary judgment, or a traditional motion for summary judgment. But the claim filed here, against an individual in their official capacity for committing *ultra vires* acts as a member of a governmental board, is an exception to sovereign or governmental immunity because it is not a claim against the governmental unit as such.

Looking at the pleadings and determining jurisdictional facts is part and parcel of what we routinely do to determine if a suit against a governmental entity is the proper subject of a legislative waiver of sovereign/governmental immunity. But when there is no question that the suit is against an individual in their official capacity for prospective

non-monetary relief, is the trial court actually deprived of jurisdiction to determine the merits of the proceeding using one of the appropriate tools as mentioned above? If the claim for prospective non-monetary relief is wholly frivolous, either based on applicable law or the facts, is the trial court deprived of jurisdiction? It seems to me that in the judicial branch's zeal to keep the government protected from suit, we have created a hybrid procedure that hides behind the label of a plea to the jurisdiction but is not actually about jurisdiction. As applied to this proceeding, I believe the proper procedure for the only remaining claim being asserted by Huntsville, which is against the Walker County ESD No. 3 board members in their individual capacities for *ultra vires* acts, is to recognize that the trial court has jurisdiction of that claim, without regard to the merits, and leave the disposition of the case on the merits to another procedural tool on another day.[1]

Accordingly, I would affirm the trial court's denial of the plea to the jurisdiction. Because the Court reverses the trial court's determination that it has jurisdiction to address the merits of the City of Huntsville's claim in the first instance and dismisses the case, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed December 7, 2022



---

[1] To the extent the City of Huntsville has abandoned its claims against Walker County ESD No. 3 or its board as an entity, anything we say in this proceeding as to them is dicta. The claims as to these parties should be dismissed as moot and could, if necessary, then be severed from this appeal.